IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CHRISTOPHER BLAIR DESHAUN ROBINSON
ADC #164517                                                                                           PLAINTIFF

v.                                    Case No. 5:16-cv-00360-KGB/BD

KENNETH STARKS, *et al.*                                                                       DEFENDANTS

## ORDER

The Court has reviewed a Recommended Disposition submitted by United States Magistrate Judge Beth Deere (Dkt. No. 15). Plaintiff Christopher Blair Deshaun Robinson filed objections to the Recommended Disposition (Dkt. No. 17). After careful consideration of the Recommended Disposition and Mr. Robinson's objections, and a *de novo* review of the record, the Court concludes that the Recommended Disposition should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects (Dkt. No. 15). Mr. Robinson's claims are dismissed without prejudice. Accordingly, Mr. Robinson's pending motion for a hearing is denied as moot (Dkt. No. 18).

Mr. Robinson has filed a motion to amend his complaint (Dkt. No. 16). Mr. Robinson's motion does not address the fact that he had already been ordered by Magistrate Judge Beth Deere to file an amended complaint (*see* Dkt. No. 14). Mr. Robinson presents no justification in his motion for his failure to amend his original complaint within the time specified by Magistrate Judge Beth Deere. Even if the Court were to consider Mr. Robinson's belated motion to amend, his motion fails to address the critical information missing from his complaint that Judge Deere directed him to address in her Order (*Id.* at 3-4). His proposed amendment does not cure the deficiencies in his complaint. For these reasons, Mr. Robinson's motion to amend his complaint is denied (Dkt. No. 16).

Finally, Mr. Robinson has also filed a joint motion for appointment of counsel and motion for hearing (Dkt. No. 19). In civil cases such as this, there is no constitutional or statutory right to appointed counsel. *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995). Rather, a court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Eighth Circuit Court of Appeals has delineated certain criteria for district courts to consider in deciding whether to appoint counsel, including the factual and legal complexity of the underlying issues, the existence of conflicting testimony, and the ability of the indigent plaintiff to investigate the facts and present his claims. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). The Court finds that the deficiencies in Mr. Robinson's complaint prevent the Court from fully analyzing his claims. Therefore, the Court denies Mr. Robinson's joint motion to appoint counsel and motion for hearing (Dkt. No. 19).

It is therefore ordered that:

1. The Recommended Disposition submitted by Magistrate Judge Beth Deere is adopted in its entirety (Dkt. No. 15);

2. Mr. Robinson's motion for hearing is denied as moot (Dkt. No. 18);

3. Mr. Robinson's motion to amend his complaint is denied (Dkt. No. 16);

4. Mr. Robinson's motion to appoint counsel and motion for hearing is denied (Dkt. No. 19);

5. Mr. Robinson's claims are dismissed without prejudice.

Dated this the 31st day of January, 2018.

_____
Kristine G. Baker
United States District Judge